IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE ESTATE OF BRANDON L. TAYLOR, by and through its Personal Representative, and TIMOTHY A. CUSATIS JR., Personal Representative of the Estate of Bradley G. Cusatis, Sr., | ) ) ) ) ) ) ) | |
| | ) | 8:12CV72 |
| Plaintiffs, | ) ) | |
| V. | ) ) | ORDER |
| LEO TRUCKING, INC., and AJAIB S. NANREH, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of the Estate of Brandon L. Taylor ("Taylor Estate") to continue the trial of this case ([filing 61](filing 61)). A telephonic hearing regarding this motion was held before the undersigned on January 4, 2013, and the matter was taken under advisement at that time. Now, having carefully considered the materials submitted in connection with the motion, as well as the arguments made by the parties at the hearing, the motion to continue trial will be denied.

### BACKGROUND

The Complaint in this case alleges that on December 15, 2010, Defendant Ajaib S. Nanreh, while acting as an employee or agent of Defendant Leo Trucking, Inc., lost control of a semi-tractor and trailer on Interstate 80 and collided with a vehicle in which Bradley Cusatis, Sr. ("Cusatis") was a passenger, causing his death.

On May 23, 2012, Defendants filed a Third-Party Complaint against the Taylor Estate[1]

---

[1] The Third-Party Complaint was dismissed by this Court on December 18, 2012. In dismissing the Third-Party Complaint, the Court directed the Clerk of Court to realign the

(filing 28), alleging that Brandon L. Taylor ("Taylor"), the driver of the vehicle in which Cusatis was riding, was negligent in the operation of that vehicle and caused the accident, in whole or in part. On November 20, 2012, the Taylor Estate filed a Counterclaim (filing 59) against Defendants, seeking general damages for wrongful death and special damages for medical, funeral and burial expenses, in connection with Taylor's death.

## DISCUSSION

Trial of this case is presently scheduled for February 19, 2013. The Taylor Estate argues that a continuance is warranted because its Counterclaim was only recently filed and its attorney has not had the opportunity to complete discovery. The Court finds these arguments unpersuasive and will not reschedule trial of this case.

The Taylor Estate entered into a settlement agreement with Plaintiff Cusatis on or about December 5, 2011, and the Taylor Estate was brought into this litigation via Defendants' Third-Party Complaint on May 23, 2012. Thus, the Taylor Estate cannot argue that it is without knowledge of this lawsuit or the circumstances giving rise to it. Moreover, the Taylor Estate and Plaintiff Cusatis have asserted nearly identical claims of negligence against Defendants and extensive discovery has already taken place between Defendants and Plaintiff Cusatis. As such, any additional discovery that the Taylor Estate could conduct in this case would, in all likelihood, be duplicative and serve only to increase the costs of litigation.

Further, given the Court's trial calendar, continuing the trial in this case would result in this matter not being heard until July, 2013, at the very earliest. It has now been two years since the accident and the Cusatis family is ready to have this litigation behind them, for both financial and emotional reasons. The facts of this case are fairly straight-forward, this being true, keeping the trial date as set would not unduly prejudice the Taylor Estate.

For these reasons,

---

parties so that the Taylor Estate appears as a party plaintiff in this action. (Filing 63.)

**IT IS ORDERED** that the Estate of Brandon Taylor's Motion to Continue Trial (filing 61) is denied.

**DATED January 7, 2013.**

                                      **BY THE COURT:**

                                      S/ F.A. Gossett
                                      **United States Magistrate Judge**